**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Patricia C. McLean, as Personal Representative of the Estate of William Eugene Connor, Respondent,

v.

Branch Banking and Trust Company and Aurelia Connor, Defendants,

of whom Aurelia Connor is the Appellant.

Appellate Case No. 2013-000416

_____

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

_____

Unpublished Opinion No. 2015-UP-472
Heard June 1, 2015 – Filed October 7, 2015

_____

**REVERSED**

_____

Robert L. Waldrep, Jr., of Robert L. Waldrep, Jr., P.A., of Anderson, for Appellant.

Clayton L. Jennings, of Jennings Law Firm, LLC, of Greenville, for Respondent.

_____

**PER CURIAM:**  Appellant Aurelia Connor appeals the circuit court's denial of her motion to alter or amend the verdict, arguing the verdict should be offset by the funds received by Respondent Patricia McLean from a settlement with a previously dismissed co-defendant.

We reverse pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 15-38-50 (2005) ("When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death: (1) it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and (2) it discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor."); *Smith v. Widener*, 397 S.C. 468, 471–72, 724 S.E.2d 188, 190 (Ct. App. 2012) ("[B]efore entering judgment on a jury verdict, the court must reduce the amount of the verdict to account for any funds previously paid by a settling defendant, so long as the settlement funds were paid to compensate the same plaintiff on a claim for the same injury.  When the settlement is for the same injury, the nonsettling defendant's right to a setoff arises by operation of law.  Under this circumstance, '[s]ection 15-38-50 grants the court no discretion . . . in applying a set-off.'" (second and third alterations in original) (citations omitted)).

**REVERSED.**

**SHORT, LOCKEMY, and MCDONALD, JJ., concur.**